UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Oct 30 2017
U.S. DISTRICT COURT
Northern District of WV

**HAFCO FOUNDRY AND MACHINE COMPANY, INC.**,

**Plaintiff,**

v.

**DAVIS ELECTRIC COMPANY, INC.**,

**Defendant.**

Civil Action No. 1:17-cv-188  (Keeley)

Comes now Plaintiff, Hafco Foundry and Machine Company, Inc., by and through its undersigned counsel, and for its Complaint unto this Honorable Court against Defendant, Davis Electric Company, Inc., alleges as follows:

## NATURE OF ACTION

1.  This is an action for patent infringement arising under Title 35 of the United States Code.

## PARTIES

2.  Plaintiff Hafco Foundry and Machine Company, Inc. ("Hafco") is a New Jersey corporation with its principal place of business located at 301 Greenwood Avenue, Midland Park, New Jersey 07432.

3.  Upon information and belief, Defendant Davis Electric Company, Inc., ("Davis") is a West Virginia corporation with its principal place of business located at 309 Mound Avenue, Fairmont, West Virginia 26554.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction over this Complaint is exclusively and expressly conferred on the United States District Courts via 28 U.S.C. §§ 1331 and 1338 as the subject matter of the Complaint involves federal patent law.

5. Upon information and belief, this Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Personal jurisdiction is conferred upon this Court because Defendant Davis conducted business by distributing and offering to sell and/or selling rock dust blowers that infringed on Hafco's exclusive patent rights within the state of West Virginia and in this District.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1331, 1391(b)(2) and 1400(b) as a substantial part of the events giving rise to Hafco's claims occurred in this District. Specifically, upon information and belief, Davis offered for sale infringing rock dust blowers in this District.

## STATEMENT OF RELEVANT FACTS

8. Hafco is engaged in the business of designing, manufacturing and selling high quality and safe rock dust blowers, which operate using compressed air for the application of non-combustible rock dust to walls, floors and ceiling surfaces within underground coal mines. The application of rock dust is a safety mechanism in underground coal mines to reduce the risk of mine explosions caused by the presence of volatile and potentially explosive coal dust.

9. Hafco filed for and was granted U.S. Design Patent No. D681,684S issued May 7, 2013 for its Rock Dust Blower (the "'684 Patent"). A copy of the '684 Patent is attached as Exhibit A.

10.     Hafco filed for and was granted U.S. Design Patent No. D752,111S issued March 22, 2016 for its Rock Dust Blower (the "'111 Patent").  A copy of the '111 Patent is attached as Exhibit B.

11.     Hafco filed for and was granted U.S. Design Patent No. D777,796S issued January 31, 2017 for its Rock Dust Blower (the "'796 Patent").  A copy of the '796 Patent is attached as Exhibit C.

12.     The '684 Patent, '111 Patent and '796 Patent are collectively referred to as the "Hafco Rock Dust Blower Patents".

13.     Hafco holds all right, title and interest in and to the Hafco Rock Dust Blower Patents.

14.     Hafco has not assigned or licensed any rights to the Hafco Rock Dust Blower Patents to Davis.

15.     Either directly or through an exclusive licensee to a third party, Hafco makes, offers for sale and sells rock dust blowers within the scope of the Hafco Rock Dust Blower Patents.  Through its exclusive licensee, Hafco actively markets and sells its rock dust blowers within the Northern District of West Virginia and directly to other areas of the United States.

16.     Davis, without authorization by Hafco, made, advertised, offered for sale and sold infringing rock dust blowers (the "Davis Blowers") within the Northern District of West Virginia and elsewhere.

17.     As early as March 28, 2012, Hafco began making written demands that Defendant Davis cease selling its infringing products.  Despite those demands, Defendant Davis continued to distribute, offer to sell and sell infringing Davis Blowers to customers in the Northern District of West Virginia and elsewhere until at least June 5, 2017.

18.     Until at least June 5, 2017, Defendant Davis continued to sell its infringing products with full knowledge of the Hafco Rock Dust Blower Patents and their applicability to the Davis Blowers without any license under the Hafco Rock Dust Blower Patents and without a good faith belief that the Hafco Rock Dust Blower Patents were or are invalid or not infringed.

19.     Because Defendant Davis has ceased selling its infringing products, Hafco is not seeking a preliminary injunction in this matter, but reserves the right to do so in the event Defendant Davis once again begins selling its infringing products.

20.     Davis' infringement of the Hafco Rock Dust Blower Patents was willful and deliberate, entitling Hafco to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

21.     Davis' acts of infringement have caused damage to Hafco and Hafco is entitled to recover from Davis the profits of Davis as a consequence of its sales of the Davis Blowers and/or the damages sustained by Hafco as the result of Davis' wrongful acts in an amount subject to proof at trial.

22.     Davis' further potential infringement of Hafco's exclusive rights under the Hafco Rock Dust Blower Patents would continue to damage Hafco, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court

## COUNT I: PATENT INFRINGEMENT

23.     Hafco hereby charges Davis with patent infringement, including willful infringement, under 35 U.S.C. § 271, and re-alleges paragraphs 1 through 22 of this Complaint.

24.     United States Design Patent No. D681,684S was duly and legally issued on May 7, 2013 by the United States Patent and Trademark Office.  (Exhibit A)  Hafco owns all right, title and interest to its '684 Patent and has the right to sue for infringement thereof.

25.     In the matter of *Hafco Foundry and Machine Company, Inc. v. GMS Mine Repair and Maintenance, Inc.*, Case No. 1:15-16143 (S.D. W. Va.) (the "GMS Litigation"), following a "Markman Hearing", the Court therein ruled that the '684 Patent was valid and enforceable.

26.     United States Design Patent No. D752,111S was duly and legally issued on March 22, 2016 by the United States Patent and Trademark Office.  (Exhibit B)  Hafco owns all right, title and interest to its '111 Patent and has the right to sue for infringement thereof.

27.     United States Design Patent No. D777,796S was duly and legally issued on January 31, 2017 by the United States Patent and Trademark Office.  (Exhibit C)  Hafco owns all right, title and interest to its '796 Patent and has the right to sue for infringement thereof.

28.     Davis infringed the Hafco Rock Dust Blower Patents by making, offering for sale and selling Davis Blowers with a design embodying the design shown in the Hafco Rock Dust Blower Patents in this judicial district and elsewhere in the United States, and may continue to infringe the Hafco Rock Dust Blower Patents unless permanently enjoined by this Court.

29.     Of significance herein, GMS' principal witness in the GMS Litigation testified in his deposition that the infringing GMS rock dust blower was "kind of built off of" the Davis Blowers and, therefore, was "similar to" the Davis Blowers.

30.     On May 17, 2017, the jury in the GMS Litigation returned a verdict in favor of Hafco and against GMS finding that GMS' rock dust blower infringed the '684 Patent and that GMS' infringement thereof was willful.  Post-trial motions remaining pending in that matter.

31.     The infringement by Defendant has been done willfully, wantonly and in bad faith.

32.     As the direct and proximate result of the infringement by Defendant, Hafco has suffered monetary damages.

33. As the direct and proximate result of its infringement, Davis has made profits on the sales of infringing Davis Blowers.

34. Hafco has suffered irreparable injury from Davis' infringement of the Hafco Rock Dust Blower Patents, which injury cannot be adequately compensated by monetary damages. Unless Davis' acts of infringement of the Rock Dust Blower Patents are enjoined by the Court pursuant to 35 U.S.C. § 283, Hafco will continue to suffer irreparable injury. Despite Defendant Davis purportedly ceasing its sales of its infringing products, a permanent injunction remains necessary to prevent potential future sales.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of Hafco that Davis has directly infringed the Rock Dust Blower Patents and:

A. Require an accounting of Davis' profits and sales;

B. Subject to proof at trial, require Davis to pay Hafco Davis' profits and/or Hafco's damages, but in no event less than a reasonable royalty, costs, expenses, prejudgment and post-judgment interest and post-judgment royalties for Davis' infringement of the Hafco Rock Dust Blower Patents as provided under 25 U.S.C. § 284;

C. Permanently enjoin Davis and its affiliated companies, divisions and their officers, directors, agents, servants, employees, dealers and customers, present or prospective, and those in active concert or participation therewith, from offering, manufacturing, importing, installing, using, offering for sale or selling, or inducing others to sell, import, install, use, offer for sale or sell within the United States, the Davis Blower, or other items embodying the subject matter of or otherwise infringing the Hafco Rock Dust Blower Patents;

  D. Award punitive/enhanced damages for willful infringement pursuant to 35 U.S.C. § 284;

  E. Award Hafco its reasonable attorneys' fees as this is an exceptional case pursuant to 35 U.S.C. § 285; and

  F. Award Hafco such other and further relief which this Court deems just, proper and equitable including, without limitation, the costs incurred by Hafco in this matter.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any and all issues so triable by right.

Dated: October 30, 2017

            By: */s/ Andrew G. Fusco*
               Andrew G. Fusco (WV Bar No. 2601)
               Jeffrey A. Ray (WV Bar No. 6368)
               BOWLES RICE LLP
               7000 Hampton Center, Suite K
               Morgantown, WV 26505
               (304) 285-2500
               afusco@bowlesrice.com
               jray@bowlesrice.com